34 C.C.P.A. (Patents)

### In re PATZER et al.

### Patent Appeal No. 5276.

Court of Customs and Patent Appeals.
April 22, 1947.

Clarence E. Threedy, of Chicago, Ill., for appellants.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the only claim (claim 11) in appellants' application for a patent for an alleged invention relating to a coin detector for telephone pay stations.

The appealed claim reads: "11. In a coin chute comprising a body having a coin passage formed therein with a common entrance adapted to receive five, ten and twenty-five cent coins, said body being formed at its lower end to provide a reject exit and an acceptance exit, coin testing means on said body and arranged

to provide a testing chamber across said passage in the region adjacent said entrance and adapted to effect coins passing therethrough to direct spurious coins toward said reject exit, said testing means being further adapted to effect movement of valid five cent coins in one direction and valid ten and twenty-five cent coins in a different direction, runway means within said coin passage for five cent coins and adapted to receive the latter from said testing means and direct the same to said acceptance opening, a second runway within said passage adapted to receive ten and twenty-five cent coins from said testing means to direct said ten and twenty-five cent coins toward said acceptance opening, means along said second runway adapted to be engaged by twenty-five cent coins to deflect the latter into *into* a third runway, and signal means in each of said runways in the region adjacent said acceptance exit and adapted to be engaged by said coins as they gravitate toward said acceptance exit."

The references are: Flagg et al., 1,112,-370, September 29, 1914, Flagg et al., 1,-113,321, October 13, 1914, Gilchrist et al., 1,931,579, October 24, 1933.

Appellants' alleged invention relates to telephone pay stations and comprises an apparatus which detects spurious coins and separates them from those which are genuine. The spurious coins are rejected, while genuine coins are accepted and deposited in a manner which causes each coin to give an audible signal corresponding to its denomination.

Each coin deposited in appellants' apparatus falls upon an inclined runway and rolls downwardly past a testing device which includes a permanent magnet. The testing device detects and arrests spurious coins and causes them to fall into a passage leading to the coin return chute. Genuine coins continue to the end of the runway and are delivered to a common collection receptacle. As the coins roll past the magnet, eddy currents are generated in them and such currents retard the motion of the coins. The currents generated in the silver ten and twenty-five cent coins are greater than those generated in the

five cent coins. The five cent coins are thus less retarded than the others and fall at a greater distance from the end of the runway. The five cent coins fall upon an anvil which deflects them against the lower edge of a bell, giving a single audible signal. The ten and twenty-five cent pieces fall upon a second inclined runway, close below the end of the first runway. The ten cent coins roll freely off the end of the second runway and strike the upper edge of the same bell, after which they fall upon the lower edge of the bell, so that two audible signals are produced. The twenty-five cent coins are arrested by a pin at the end of the second runway, which is pitched toward one side at the point where the coins are arrested, and the coins are thus tilted against a pivoted gate. The weight of a twenty-five cent coin is sufficient to open the gate and the coin falls upon a trip arm, thus sounding a chime whose tone is different from that of the bell which receives the five and ten cent pieces.

The patent to Gilchrist et al. discloses a coin separator for pay telephones in which the coins, upon entering the device, roll down an incline and over a magnet which detects and rejects spurious coins, causing them to fall into the return chute. Genuine coins pass over the first magnet and enter a runway down which they roll past a second magnet. The second magnet sets up eddy currents which retard the ten and twenty-five cent pieces to a greater extent than the five cent pieces. The five cent pieces, therefore, fall at a considerable distance from the end of the runway and are deflected into a passage provided for them. The ten and twenty-five cent pieces fall closer to the end of the runway and roll down a second runway which is in the form of an inclined guide rail. In line with the end of the second runway is an inclined chute, comprising a third runway for receiving twenty-five cent coins, and such coins roll off the rail and onto the third runway. A gap is provided between the end of the rail and the chute, which gap is too small for twenty-five cent coins, but allows the ten cent coins to drop and roll into a separate chute. The apparatus thus rejects spurious coins and separates

the genuine coins according to their denomination. No audible signaling means is provided.

Each of the patents to Flagg et al. discloses a pay telephone in which five, ten and twenty-five cent pieces are separated and directed to audible signaling devices in such a manner that a five cent coin strikes one note on a bell, a ten cent coin strikes two notes on the same bell, and a twenty-five cent piece sounds one note on a chime having a different tone from that of the bell.

The Primary Examiner rejected the claims on the disclosure in the patent to Gilchrist et al. in view of either of the disclosures in the patents to Flagg et al., the examiner holding that there would be no invention in combining the coin detecting and separating means disclosed in the Gilchrist et al. patent with the audible signaling means of either of the patents to Flagg et al. His rejection seems to assume that the appealed claim presents no distinction over the disclosure in the patent to Gilchrist et al. so far as the structure of the coin detecting and separating means is concerned.

On appeal, the board, in its original decision, stated that "It appears to be impliedly admitted by applicants that the patent to Gilchrist et al. responds to all of the terms of claim 11 except the final element, the signal means." Appellant petitioned for reconsideration of the board's decision and pointed out an alleged difference between his coin separating device and that of the Gilchrist et al. patent. The board, after considering appellants' petition, held that "So far as structure is recited in claim 11 we regard Gilchrist et al. as responding to all that is claimed in claim 11 except the signal means, which is supplied by Flagg."

The element of the appealed claim which counsel for appellants rely on as distinguishing appellants' coin separator from that of the Gilchrist et al. patent is "means along said second runway adapted to be engaged by twenty-five cent coins to direct the latter into a third runway." In appellants' device that means is the pin which arrests the movement of the twenty-five cent coins on the pitched part of the second runway, so that the coins are tilted into the desired location.

In the Gilchrist et al. apparatus, as hereinbefore explained, there is a gap between the lower end of the second runway and the upper end of the third runway, which is large enough to receive a ten cent coin and drop it into its proper chute, but which is too small to receive a twenty-five cent coin. With that arrangement, as a twenty-five cent coin leaves the second runway, its forward edge encounters the upper end of the third runway, which prevents the coin from falling into the gap and directs it onto the third runway. This end portion of the third runway, therefore, satisfies the requirement of claim 11 for means along the second runway adapted to be engaged by twenty-five cent coins and to deflect them to the third runway. The claim does not state that the means in question arrests the movement of the coins, or that it causes them to move laterally. The language is, therefore, broad enough to cover the arrangement shown by the Gilchrist et al. patent, and the Board of Appeals properly held that that patent responds to all that is claimed in claim 11 except the signal means.

We are of opinion that the proposed combination of references is a proper one. The signal devices of the Flagg et al. patents are adapted to be used with any desired type of coin separator. In fact, the patent to Flagg et al., No. 1,113,431, expressly states that the separator "forms no part of our present invention." The use of the signal device of either Flagg et al. patent with the Gilchrist et al. separator would produce no new or unexpected result and, in our opinion, would involve no modifications which could not be made by one skilled in the art here involved, without the exercise of invention.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.